**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ERNEST B. HAIRE a/k/a**
**Ernie Haire, III,**

    **Plaintiff,**

v.                                                              Case No.  8:05-cv-1018-T-30MSS

**KELLY J. THOMAS,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss (Dkt. # 22), Defendant's Memorandum of Points and Authorities in Support of the Defendant's Motion to Dismiss (Dkt. # 23), Plaintiff's Memorandum in Response to Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss (Dkt. # 29), Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. # 27), and Defendant's Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint (Dkt. # 31). The Court, having considered the motion and being otherwise fully advised, finds that the motions should be granted in part and denied in part.

Plaintiff is seeking to recover damages from FBI Special Agent Kelly Thomas for an alleged violation of Plaintiff's Fourth Amendment rights.  Specifically, Plaintiff alleges that Thomas executed an affidavit in support of an application for a search warrant for Plaintiff's home and that the affidavit contained numerous statements Thomas knew to be false.  Plaintiff

further alleges that Magistrate Judge Scriven relied on these statements when she issued the search warrant for his home.

Defendant has moved to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) on the grounds that Thomas is entitled to qualified immunity and that this Court lacks jurisdiction over Plaintiff's claim for a permanent injunction. In response to Defendant's motion, Plaintiff has moved for leave to file a Second Amended Complaint, which he believes rectifies Defendant's complaints.

The Eleventh Circuit has consistently held that there is a heightened pleading requirement for civil rights cases, especially those potentially involving qualified immunity. See GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1367 (11th Cir. 1998). The complaint must allege the relevant facts "with some specificity" and complaints containing only vague and conclusory allegations will be dismissed. Id.; Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).

In order to establish a violation of his rights under the Fourth Amendment, Plaintiff must allege that Thomas deliberately lied to Magistrate Judge Scriven or that he acted with reckless disregard for the truth. Franks v. Delaware, 438 U.S. 154, 171 (1978). Plaintiff must also establish that the false information contained in the affidavit was essential or indispensable to Magistrate Scriven's finding that probable cause existed to search Plaintiff's home. A violation has occurred only if the exclusion of the false information would have prevented a finding of probably cause. Id. at 171-72; Dahl v. Holley, 312 F.3d 1228, 1235 (11th Cir. 2002); Madiwale v. Savaiko, 117 F.3d 1321, 1327 (11th Cir. 1997).

Plaintiff's Amended Complaint and proposed Second Amended Complaint fail to comply with the heightened pleading requirements. The Amended Complaint fails to even identify the specific portions of the affidavit Plaintiff alleges are false. Although the proposed Second Amended Complaint identifies specific portions of the affidavit, it fails to allege how Thomas knew or should have know certain portions were false. The proposed Second Amended Complaint also fails to allege that the allegedly false statements were essential to Magistrate Scriven's probable cause determination.

It is therefore ORDERED AND ADJUDGED that:

1.   Defendant's Motion to Dismiss (Dkt. # 22) is GRANTED IN PART AND DENIED IN PART. The Court finds that Plaintiff's First Amended Complaint fails to state a valid claim under the heightened pleading requirements for civil rights actions. Plaintiff's proposed Second Amended Complaint also fails to satisfy the heightened pleading requirements.

2.   Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. # 27) is DENIED WITHOUT PREJUDICE.

3.   Plaintiff may file a second amended complaint consistent with this Order within eleven (11) days from the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on December 7, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record